Argued August 26, reversed September 20, 1976

BEGLEY, *Petitioner,*
*v.*
PUBLIC EMPLOYES RETIREMENT BOARD,
*Respondent.*
(CA 5977)
554 P2d 559

*C. H. Seagraves, Jr.,* Grants Pass, argued the cause for petitioner. With him on the brief was Myrick, Coulter, Seagraves & Nealy, Grants Pass.

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Thornton and Tanzer, Judges.

TANZER, J.

**TANZER, J.**

Petitioner seeks review of an order of the Public Employes' Retirement Board denying him a disability retirement allowance as provided for in ORS 237.171. That statute states:

> "(1) Whenever an employe who is a member of the system and who is under the compulsory retirement age, is found * * * to be mentally or physically incapacitated for an extended duration * * * and thereby unable to perform any work for which he is qualified, by injury or disease sustained while in actual performance of duty and not intentionally self-inflicted, he shall receive a disability retirement allowance * * *."

Petitioner was employed by the Josephine County Sheriff's Department. He sustained injuries, in the line of duty, on December 16, 1972, and did not return to work until March, 1973.

During this time, the Sheriff's Department provided retirement coverage for some of its employes, including petitioner, through a private insurance carrier. On July 1, 1973, this coverage was terminated and, in its place, petitioner and the other covered employes were enrolled in the Public Employes' Retirement System.

Subsequently, on December 31, 1974, as a result of the 1972 injury, petitioner was found to be totally and permanently disabled.

The sole issue presented is whether ORS 237.171 should be construed to accord disability retirement benefits to an employe who becomes disabled while a member of the system, as a result of injuries sustained on the job prior to his enrollment. The Board interpreted the statute to require membership in the system both at the date of injury and at the date of disability.

Since ORS 237.171(1) applies only to employes injured on the job, to require membership in the

[ 871 ]

system at the date of injury would exclude from the statute's coverage those persons whose employment had not changed but who had been integrated into the Public Employes' Retirement System after injury and prior to the resultant disability.

In adopting the Public Employes' Retirement Act, the legislature sought to facilitate the integration of local retirement programs into the system created by the act, while minimizing any adverse effect of that integration on the benefits received by affected employes. The act is structured to insure continuity in the retirement benefits of public employes during the transition to a uniform, statewide system. The detailed provisions of ORS 237.051, governing the process by which other retirement programs may be integrated into the system, illustrate the legislature's sensitivity to the problems attendant to that transition and its intent to assure that no public employe be financially injured by the process of reorganizing public retirement funding.

Petitioner was injured, on the job, in the service of the same employer that subsequently became a participant in the system, He became disabled, while a member of the system, because of that on-the-job injury. Read literally, ORS 237.171(1) would allow early retirement under these circumstances. There is no express requirement that an employe be a member of the system when the disabling injury is sustained. This construction is consistent with the legislative purpose of facilitating and encouraging integration without detriment to the employes for whose benefit the system was created. We therefore apply the statute according to its strict meaning. When an employe is injured in the service of an employer who later becomes a member of the system, and thereafter, while a member of the system, that employe is consequently found to be disabled, he is entitled to early retirement benefits under ORS 237.171(1).

Reversed.